*13
Curia, per

EvaNs, J.
The fact that there was a previous agreement between these parties, that in case of loss they should be liable to contribute as co-securities, is negatived by the verdict of the jury. If any such agreement or understanding had been proved, I think there is no doubt the plaintiff should have recovered, and the jury were so instructed. The joint letter to the president of the bank, unexplained, might lead to that conclusion, but the circumstances stated by James R. Aikin are clearly inconsistent with any such idea, and fully sustain the verdict, which negatives any such previous contract. The agreement, then, must be regarded as subsequent to the endorsement of the note, and after the liabilities of the parties had accrued.
According to the legal liabilities arising out of the endorsements, Cathcart was bound to pay Gibson the whole in case he was compelled to pay by the bank, but Gibson was in no way liable to Cathcart, the prior endorser. In this situation Gibson, as it appears by their joint letter to the President of the bank, agreed with Cathcart to pay him half, or, as is said in the letter, “ they had consented to be bound to each other.” The only consideration which is alleged to support this contract, is the indulgence which was asked for, and extended by the bank. It is not alleged or proved, nor is there any pretence to say, that the bank gave the indulgence because Gibson had agreed to become liable to Cathcart. The benefit of the indulgence was mutual, but it proceeded from the bank and not from Cath-cart ; and I think it is clearly insufficient to support the promise of Gibson to pay what he was under no legal obligation to pay.
As Gibson was liable to the bank as well as Cathcart, I will not say that if it had been proved that Gibson had promised Cathcart to pay half, if he would'pay up the debt and costs, so as to discharge him from that liability, he would not be bound, although the consideration would be very small. But no such promise was proved, and, so far as appeared, the payment of the note by Cathcart was in discharge of his own liability, and the payment of the costs of the case against Gibson was voluntary, and done, no *14 doubt, because the bank would not settle the actions unless all the costs were paid.
The motion is dismissed, on all the grounds.
RichardsoN, O’Neall, Butler, Wardlaw and Frost, JJ. concurred.